```
 1  PAUL L. REIN, Esq. (SBN 43053)
    AARON M. CLEFTON, Esq.  (SBN 318680)
 2  REIN & CLEFTON, Attorneys at Law
    200 Lakeside Drive, Suite A
 3  Oakland, CA  94612
    Telephone:  510/832-5001
 4  Facsimile:   510/832-4787
    info@reincleftonlaw.com
 5
    Attorneys for Plaintiff
 6  CHEUK LUN FUNG
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CHEUK LUN FUNG,<br><br>    Plaintiff,<br><br>    v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>    Defendant. | CASE NO.<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (including CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 and 55; and HEALTH & SAFETY CODE §§ 19953** *et seq.*)**; INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990 (including 42 USC §§ 12181** *et seq.*)<br><br><u>DEMAND FOR JURY TRIAL</u> |
|---|---|

Plaintiff CHEUK LUN FUNG complains of Defendant LOWE'S HOME CENTERS, LLC, and each of them, and alleges as follows:

1.      **INTRODUCTION:**  This case involves barriers to disabled access that prevented and continue to prevent disabled Plaintiff CHEUK LUN FUNG from fully accessing the Lowe's located at 491 Bayshore, Blvd., San Francisco, California.  The designated accessible parking access aisles are blocked with inventory making it impossible for the disabled Plaintiff to safely park his car in the designated accessible parking places in the Lowe's parking lot.

2.      Defendant denied disabled Plaintiff CHEUK LUN FUNG accessible public facilities, including a compliant accessible parking space and path of travel at Lowe's.  Plaintiff

1

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

CHEUK LUN FUNG is a "person with a disability" or "physically handicapped person" who has difficulty walking long distances, and therefore, he uses accessible parking spaces which are the closest to public accommodations whenever possible.  He is unable to use portions of public facilities which are not accessible to mobility disabled persons.  On or about May 7, 2021, May 14, 2021, May 21, 2021, June 1, 2021, June 4, 2021, June 6, 2021, June 7, 2021, June 11, 2021, and June 15, 2021. Plaintiff was denied his rights to full and equal access at Lowe's.  He was denied his civil rights under both California law and federal law, and continues to have his rights denied, because these facilities were not, and are not now, properly accessible to physically disabled persons, including those who use assistive devices for mobility.

3.     Plaintiff seeks injunctive relief to require Defendant to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to patronize the subject premises will be provided accessible facilities.  Plaintiff also seeks recovery of damages for his discriminatory experiences and denial of access and of civil rights, which denial is continuing as a result of Defendant's failure to provide disabled accessible facilities.  Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

4.     **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building Code.

5.     **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

6.     **INTRADISTRICT:**  This case should be assigned to the San Francisco intradistrict as the real property which is the subject of this action is located in this intradistrict

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

and Plaintiff's causes of action arose in this intradistrict.

7.  **PARTIES:**  Plaintiff is a qualified physically disabled person as a result of a broken heel bone that he suffered after a fall from a ladder.  His disability affects his ability to ambulate long distances, stand for extended periods of time, and carrying heavy items.  Plaintiff is unable to put significant amounts of weight on his right heel which causes him to ambulate slowly so that he can effectively regulate the weight distribution on his right foot. If Plaintiff walks too much or must carry heavy items, he experiences painful swelling in his right foot and heel which only subsides with rest.  He has been issued a California disabled parking placard, which entitles him to park in a properly configured disabled accessible parking spaces.  The nature of Plaintiff's disability makes it particularly important for him to park in spaces which are closest to the entrance of public accommodations.

8.  Defendant LOWE'S HOME CENTERS, LLC, is and was the owner, operator, lessor and/or lessee of the subject business, property and buildings at all times relevant to this Complaint.  Plaintiff is informed and believes Defendant performed all acts and omissions stated herein which proximately caused the damages complained.

9.  Lowe's is a place of "public accommodation" and "business establishment" subject to the requirements of multiple categories of 42 USC section 12181(7)(E) of the Americans with Disabilities Act of 1990, including a sales establishment; of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et seq*.  On information and belief, Lowe's and its facilities were built after July 1, 1970, and since then have undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code sections 19953-19959 *et seq.*, and, as to construction and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of the Americans with Disabilities Act of 1990.  Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also known as the California Building Code.  Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990, as defined by

3

the ADA. 42 USC § 12181(9).

**FIRST CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A
PUBLIC ACCOMMODATION
(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq*.)**

10. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 9, above, and incorporates them herein by reference as if separately repled hereafter.

11. Plaintiff CHEUK LUN FUNG and other similarly situated physically disabled persons who are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19955 -19959. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19955 *et seq*. Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited." Civil Code § 54.1(a). Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act. Civil Code §§ 54(c), and 54.1(d).

12. Title 24, California Code of Regulations, formerly known as the California Administrative Code and now also known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief,

1 Defendant and/or their predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect.  Further, Plaintiff alleges, on information and belief, that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions Lowe's, also occurred between July 1, 1970, and December 31, 1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et seq*.  Further, on information and belief, additions to the building after the initial construction also occurred after January 1, 1972, triggering access requirements per Health and Safety Code section 19959.  Alterations or additions after January 26, 1993, trigger ADA liability and requirements per 42 USC sections 12182 and 12183 of the ADA.

13.     **FACTUAL STATEMENT**:  Plaintiff is a general contractor, and he visits the Lowe's located at 491 Bayshore Blvd, San Francisco, California often to buy materials for his work.  This Lowe's is the closest supplier of building and hardware supplies to his home, so it is his preferred place to purchase materials.

14.     This particular Lowe's has a two-story indoor parking structure which serves as the parking lot for the facility.  Whenever possible, Plaintiff parks on the first level of the parking garage, because patrons can walk directly into Lowe's from the first floor of the parking garage.  If one parks on the second level of the parking garage, you must take an elevator down to the entrance, and it can be difficult for Plaintiff to load on and unload from the elevator when he buys large, bulky or heavy materials.

15.     For the past several months, Plaintiff has been having significant difficulty parking in the accessible parking spaces on the first floor of the parking garage at Lowe's due to Defendant's policy of stacking a significant amount of inventory in the access aisles of the designated accessible parking spaces.  The placement and height of the stacked inventory makes it difficult for Plaintiff to pull into the accessible parking spaces, exit his vehicle, load purchased items in his vehicle, enter his vehicle, and pull out of the accessible parking space.  On information and belief, Defendant has a policy and practice of using the disabled parking access

aisles to store extra inventory.

16. On May 7, 2021, Plaintiff drove to Lowe's in his Honda Odyssey minivan to buy supplies for work. He entered the parking garage and drove to the first floor to find parking. Plaintiff saw an available accessible parking space. The parking space had inventory stacked on both the left and right sides of the space; however, Plaintiff managed to drive into the parking space, exit his vehicle and enter the Lowe's. When he had finished his shopping, Plaintiff returned to his vehicle and loaded his purchases into the van with difficulty due to the high stacks of inventor that were very near the van's sliding side door. He then entered his vehicle, again with difficulty due to the stacks of inventory, and then began to exit the parking space. While he was backing out, Plaintiff hit his front driver-side fender on a pallet which was placed across the access aisle causing $1,178.81 of damage to his vehicle. A true and correct photograph of Plaintiff's damaged van is below:



17. As explained above, Plaintiff shops at the subject Lowe's often due to the nature of his business and the proximity of the store to his home. On May 14, 2021, Plaintiff returned to

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

Lowe's to buy supplies for his business, and he found essentially identical accessibility issues as had on May 7, 2021. Although, Plaintiff was wary about parking in the designated accessible parking spaces as a result of his prior difficulty and experience, in reality, due to his disability he needs to park in those spaces so that he can limit the distance that he must walk in order to do his shopping and return to his car. Plaintiff really does not have a choice about where he parks while patronizing Lowe's. Again, Plaintiff experienced difficulty entering and exiting the parking space, entering and exiting his vehicle, and loading his supplies into his vehicle due to the inventory stacked in the access aisles of the designated accessible parking space. A true and correct photograph of the designated accessible parking spaces on the first floor of the parking garage serving Lowe's on May 14, 2021, is below:

18.     Plaintiff had nearly identical experiences in the Lowe's parking garage on May 21, 2021, June 1, 2021, and June 5, 2021. True and correct copies of photographs of the designated accessible parking spaces on the first floor of the parking garage serving Lowe's on those dates are below.

Case 4:21-cv-05494-KAW   Document 1   Filed 07/16/21   Page 8 of 20

May 21, 2021:

June 1, 2021:



8
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES



June 4, 2021:



June 6, 2021



9
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

June 4, 2021:



June 6, 2021



9

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

June 7, 2021



19.     In addition to the issues with policy and practice of Defendant in storing excess inventory in the access aisles of the accessible parking spaces, there are other barriers to access in the parking garage of Lowe's. Specifically, *all* paths of travel from accessible parking at the top level and those in the photographs above required travel behind parked cars, a safety issue prohibited by the ADA and state law.

20.     The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when he returns to the premises. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

21.     Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

22. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendant as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of designated accessible parking spaces at places of public accommodation.

23. Plaintiff is deterred from returning to use these facilities as often as he would like, because the lack of access will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendant continue, to achieve equal access to and use of these public facilities. Therefore, Plaintiff cannot return to patronize Lowe's and its facilities as often as he would like and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other mobility disabled persons. Plaintiff is a licensed contractor, and Lowe's is the closest store to his home where he can purchase supplies for his business. He intends to return and patronize Lowe's once it is made accessible, including its parking policies and parking accessibility.

24. The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that he has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that he or other physically disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011). As to the Defendant that currently owns, operates, and/or leases (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

25. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiff in the ways complained of and to require Defendant to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, and other law. Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

26. **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as hereinafter stated. Defendant's actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the Defendant in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. These violations have deterred Plaintiff from returning to patronize Lowe's as often as he would like and will continue to cause him damages each day these barriers to access continue to be present.

27. **TREBLE DAMAGES:** Plaintiff has been damaged by Defendant's wrongful conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3. At all times herein mentioned, Defendant was fully aware that significant numbers of potential users of its public facilities were and are and will be physically disabled persons, including mobility-impaired persons, and would have need of facilities that complied with California Title 24 and ADAAG standards for accessible facilities. Despite this knowledge, Defendant installed and

maintained the physical and policy barriers complained of, and failed to remove these barriers, and have failed to provide properly accessible facilities, including but not limited to those previously noted hereinabove, as required by state and federal law.  On information and belief, Defendant has ignored complaints about the lack of proper disabled access by Plaintiff and by other disabled persons.  Defendant continues to use disabled parking spaces and access aisles as a space for its inventory.  Defendant has continued their illegal and discriminatory practices and policy despite actual knowledge that persons with physical mobility disabilities may have attempted to patronize Lowe's and encountered illegal barriers which deny them full and equal access when they do so.

28.     At all times herein mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at the subject facilities violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other physically disabled persons, but Defendant has failed to rectify the violations, and presently continues a course of conduct of maintaining architectural and policy barriers that discriminate against Plaintiff and similarly situated disabled persons.  For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

29.     **FEES AND COSTS:** As a result of Defendant's acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section 19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

//

## SECOND CAUSE OF ACTION:
## VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED
## BY CIVIL CODE SECTION 51(f)

30. Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 29 of this Complaint and incorporates them herein as if separately re-pleaded.

31. At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

32. California Civil Code section 52 provides that the discrimination by Defendant against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

33. Each of Defendant's discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

34. Any violation of the Americans with Disabilities Act of 1990 also constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

35. The actions and omissions of Defendant as herein alleged constitute a denial of

access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendant's action and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and is responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

36. **FEES AND COSTS:**  As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101 *et seq***

37. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 36 of this Complaint and incorporates them herein as if separately re-pleaded.

38. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-

sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

39. Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

40. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

41. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "shopping center, or other sales or rental establishment." 42 USC § 12181(7)(E).

42. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an

individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

43.     The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

44. The ability to safely use parking facilities and walkways is a fundamental necessity of accessing and using Lowe's. So too is the ability to enter and exit the facilities, and move around the premises unimpeded by barriers to access. Therefore, the benefits of creating accessible parking does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a Lowe's, such as the costs of as ensuring fire safety. It is thus readily achievable to remove these barriers.

45. On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

46. Defendant's actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing Lowe's as often as he would like and discriminated and continues to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA. 42 U.S.C. § 12182.

47. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiff CHEUK LUN FUNG is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of sections 12182 and 12183 of this title. On information and belief, Defendant has continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters. Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative

methods, to the extent required by this title.

48. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff CHEUK LUN FUNG is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize Lowe's, in light of Defendant's policies and physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff CHEUK LUN FUNG prays for judgment and the following specific relief against Defendant:

1. Issue a preliminary and permanent injunction directing Defendant as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendant to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendant's employees and agents in

how to recognize disabled persons and accommodate their rights and needs;

2. Retain jurisdiction over the Defendant until such time as the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to Civil Code section 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

Date: July 16, 2021                               REIN & CLEFTON

　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Aaron Clefton_
　　　　　　　　　　　　　　　　　　　　　　　　　　By AARON CLEFTON, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　　　　CHEUK LUNG FUNG

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: July 16, 2021                               REIN & CLEFTON

　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Aaron Clefton_
　　　　　　　　　　　　　　　　　　　　　　　　　　By AARON CLEFTON, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　　　　CHEUK LUN FUNG